The second case for argument is United States v. Joshua Johnson. The second case for argument is United States v. Joshua Johnson. MS. KAYE GOLDSMITH. Good morning. May it please the Court.  Counsel?  Due to the limited time we have, I would like to start with the third issue.  You've got to speak up for me.  I apologize.  Maybe move the mic.  Can you hear me okay now? JUSTICE SCALIA. Yes.  Okay, good. Why don't you keep the volume up? I'll do my best. I would like to start with the third issue this morning, unless the Court would like me to start elsewhere. Mr. Johnson requests that this Court reverse and remand for resentencing if it does not remand for a new trial on the other issue, because he raised an issue at sentencing of sentencing manipulation. The District Court acknowledged the points that he made in favor of sentencing manipulation, saying that at first blush, this does look like sentencing manipulation. The Court acknowledged that Agent Nielsen was required to make a choice about which age her online persona would be. The Court acknowledged that that choice... I'm not understanding it. You've got to articulate better. Slow down. Of course. It's not easy. I know. Sorry, Your Honor. The Court acknowledged that the choice of age would have an impact on the sentencing guidelines and on the statutory sentence. And the Court acknowledged that Agent Nielsen is an experienced agent, and that she would understand the impact that her choice would have on Mr. Johnson's sentence. However, the Court went on... When does discretion become misconduct? As far as the law enforcement's discretion? Prosecutorial discretion. Right. So, in this case, I think it becomes misconduct, or under the law, it becomes misconduct when the choice is made solely for the purpose of enhancing the sentence, and there is no law enforcement reason. I'm controlling a circuit law for that assertion. Well, I believe United States v. Torres covers that issue. You have a lot of drug cases, right? Yes. To be blunt. Yes. Because your time is short. Yes. Do you have other circuits that have extended this to this sort of thing, age in a similar situation? Just based off of what I was able to find in my research, I did not see this applied outside of the drug context. But as the Court acknowledged, you know, during sentencing, the logic of sentencing manipulation doesn't really... It doesn't make sense to just limit it to the drug cases. It could very easily be applied to other situations where law enforcement does have to make these kinds of choices. And if law enforcement is making the choices solely for the purpose of enhancing the sentence, then, you know, we do have Eighth Circuit case law on United States v. Torres, United States v. John, United States v. Shepard. The Third Circuit started the drug case avalanche. And I can't remember the name of the case, but it was probably 30 years ago. And we were, from my perspective, very hostile to that whole theory. I mean, they were throwing out cases on this ground because they didn't like the guidelines or, you know, they thought it was too harsh, basically. They were taking the place of the sentencing courts. And so I don't... When you say there's no reason for it, of course there's reason for it. Congress provided the reason by legislating different penalties for the younger people. The younger the person you violate, Congress says, the more punishment you should get. Now, where is that prosecutorial overreach to play by Congress's rules? So, in this situation, I think the prosecution is working with the facts that it has. So I think that's not, you know, prosecutorial overreach to advocate for the guidelines and statutory sentences that apply when the victim is 13. I think the question here is, did law enforcement engage in that manipulation? Well, they can do it if they have a law enforcement goal, legitimate law enforcement goal or purpose. Yes. Outside of just a higher sentence. Yes. Okay, is there enough here, especially in what Judge Williams says? Again, the time is short. Is his good limited resources and it's a worse crime? The worst of the worst is the keynote of his argument, the headline. Go ahead. So, those reasons make sense if there's evidence in the record that shows that that is the reason that Agent Nielsen made that choice. And I think when we do look at the drug cases, typically the court is denying these requests for a, you know, variance or departure for sentencing manipulation grounds because there is evidence in the record to show why law enforcement was, you know, offering more drug deals or why an undercover officer, you know, made their persona a felon. Right? And so, there is oftentimes a case agent testimony on these issues that the court can rely on when they're saying that there is a legitimate law enforcement reason. And that doesn't exist here. Well, in response to the question that we're not going to talk about of the agent, does her testimony assume it's admissible? I know you say it's not. That's your first issue on appeal. Yes. As you know, in sentencing, the judge can look at the whole transcript for sure. Right. Okay. Thank you. And so, are her statements enough, the way she answers the question, in regard to the very first point of appeal? So, her statements about, you know, whether, you know, Abby's responses were, you know, not mature, but were indicative of a childhood sex trafficking. Of an older person, yes. Uh-huh. I am not, I'm not sure I see a way that that supports. Thank you. The idea. Thank you. Counsel, this is, this issue is before us on plain error review? The sentencing issue, I don't think it should be under plain error review. I know the government suggests that this was not preserved. I do think it was preserved. Where was it preserved? So, in the sentencing memorandum that was presented to the court, the defense, I acknowledge that the defense started out by talking about sentencing entrapment, which is a different issue. But, um, Mr. Johnson goes on in that memorandum to say, well, we can't meet that standard. We acknowledge that that's probably not a good fit. But, we're still arguing that Agent Nielsen made this choice for the purpose of increasing the sentence. And, therefore, we think that we should receive a downward variance. And then, at sentencing, the court recognized this as a sentencing manipulation argument and ruled on it in that way. And I would also point out that in United States v. Torres, a very similar situation occurred. And the court said he preserved his right to move for a departure or variance based on sentencing entrapment, which the parties in district court agree is more accurately described as an argument based on sentencing manipulation. The court did not appear to review that for plain error and appeared to review it as a preserved issue. I would like to reserve the remainder of my time for rebuttal. Thank you. Excuse me, another question. In terms of the impact of extending the drug cases into who knows where, let's say we have an AUSA who, after thorough investigation of a homicide, concludes that the evidence could support voluntary manslaughter and might support second-degree murder. And he or she charges second-degree murder. Does that violate this? What kind of a legitimate reason does it, you have to have to do that, make that decision, which is made all the time? So I think in that circumstance, you have the prosecutor looking at evidence that was created wholly by the defendant. Say that what? In that situation, you would have a prosecutor making a decision based off of facts that were created wholly by the defendant. Law enforcement was not involved in, you know, who the murder victim was or how. You're saying that something that isn't quite, what's your defense of, I'm losing the phrase for, you know, one set up. So if it's not quite set up, it gets dragged into this area. So if it's, are you saying if it doesn't qualify as entrapment, then how? If the investigation that concludes it's at least voluntary manslaughter and maybe second-degree murder includes these kinds of undercover agent activities that we have here, all of a sudden, we've got a whole new, very common situation dragged into case-by-case review of prosecutory misconduct. So, I mean, I think the distinction there is that in your example, maybe you have an undercover agent, but if they're not making choices that are leading to, basically, evidence being created. Because, I mean, here what we have is we have, Agent Nielsen is in conversation with Mr. Johnson and that's how we create the evidence of his knowledge of her age because she has to tell him her age. And in a situation where, you know, I'm not sure what, in your scenario, the undercover agent would be doing and what kind of evidence they're creating. They'd be investigating. Well, simple investigation. I would say there is always a legitimate reason to charge second-degree murder when there's a good chance that it was only voluntary manslaughter. The result being a likely much heavier sentence. You disagree? I don't necessarily disagree when it comes to murder because in that situation, you probably aren't having law enforcement who are helping to create the facts in that scenario. But in these cases, there's all kinds of ways you catch these people. Right. And the evidence shows, you know, he had only one. He only had one video that was of under 12. So you violate the law if you charge him with under 12 because you're just going overboard. Well, wouldn't you agree there's a particular type of predator that part of their modus operandi is to target particular age groups? Certainly. I think that's true. Well, if that's true, then what's wrong with law enforcement going after those predators? Well, I think in this scenario, you have someone who was not necessarily targeting a 13-year-old or seeking out a 13-year-old or someone who is under 13 because he goes to this post and there's... Well, but the facts show contrary. Well, the facts... I just tried. The facts show that he encountered someone who was 13 and that he agreed to maybe perhaps continue along. But I thought there were a lot... After they did the search of his devices, they found lots of evidence of him targeting and I thought he made statements that, I like him young. From the search of his device? I don't know. We get so many of these cases, but I thought... He deleted all of the contents of his cell phone. So the only information we have about the conversation he had with Agent Nielsen was from her side of the conversation. So we don't have any of the information, anything that was on his phone. I'm talking about the investigation after they catch him and he wipes his phone. Yes. So that doesn't hold... That isn't relevant to whether he was targeting when he wipes his phone? I'd say if I was a prosecutor and with kind of a duty to charge as much as the law will allow, not allow, wrong word, support. Authorize, yeah. Sure, I understand that. But I think the difference here is that this isn't the... We're not criticizing the prosecutor's decision to charge or to seek a certain sentence. We understand that they would go after the highest. We're asking the judge to, based off of law enforcement's decision, to grant a variance. Now we clearly have abuse of discretion if not plain error. You're saying the judge, Sua Sponte, had to step in and say, wait, you've gone too far. I'm going to reduce the sentence because this is on the edge. Well, our position is that Mr. Johnson did request this in his sentencing memorandum and did raise the issue. I'm not talking about preserving. I'm talking about the merits. Your argument is basically that Judge Sua Sponte had to step in here and make amends for the prosecution's aggressiveness and the guidelines and standards. That's what it looks like to me. Our argument is that we were requesting a downward variance based off of this argument and then the court chose not to grant it, which was error based off of the law in cases like Torres and John. The issue is abuse of discretion and not bearing downward further. Well, there was no downward variance at all. It doesn't matter. But the issue is that the court clearly erred. Because the standard is, when it comes to these requests for downward variance, the standard is typically a clear error on the facts and de novo on the law. Counsel, before you finish, I want to follow up. Even if, let's say even if, the proof in this case is that this particular defendant was not one of this group of predators that targets 13-year-olds but has an interest in other ages, I think you conceded a moment ago that there are predators out there that do target 13-year-olds and younger. And if that's true, again, we're talking about you're criticizing law enforcement here. Again, I ask, if you concede that there's a group of predators that target 13-year-olds or younger, how can any misconduct or manipulation be attributed to law enforcement for attempting to stop and apprehend predators of that type? So I think the issue here is, what is the evidence in the record that that was law enforcement's purpose? And I think based off of the posts that Agent Nielsen made, she is trying to bring in men who are interested in adults. She posts herself as a 45-year-old woman. She posts that she's interested in adult things like smoking and drinking. She posts that she is trimmed, which suggests that she has gone through puberty. She is putting herself out there as an adult and bringing in adult men who are interested in adults and then telling them later on, I am 13. And so, I mean, assuming here that Mr. Johnson believed that she was 13, this is not, maybe, you know, this doesn't seem to be a situation where she seems to be targeting, or looking for people who are targeting 13-year-olds. Rather, it seems like she is bringing in people who are looking for adults and then just going with the people who are willing to be with children. You're making an entrapment argument, and you lost that, and you didn't appeal it. Well, I think we're saying... You're trying to coat it with a different frosting. But it's an entrapment argument. Respectfully, I think that this is a manipulation argument because, you know, we agree that he wasn't, it's not that he wasn't predisposed. Well, counsel, could it be you originally said sentencing entrapment. Is this manipulation turned into entrapment light? Or a different kind of entrapment? It is kind of entrapment that you're saying because the government is setting up the facts of whether it's 13, 12, 14, 15, 11. I think what we acknowledge that this makes this not entrapment is that he was predisposed. No, no, no. I quite agree on traditional. That's the reason I tried to say entrapment light. I made that up, by the way. Probably dangerous to do. But still, that's really what it is. And I think the person who originally wrote the motion may not be wrong that it's a kind of entrapment that you're really arguing. But you don't have to agree. Enough said. Enough said by me, at least. Okay. We've gone far over my time and the Court doesn't have any additional questions. Mr. Johnson respectfully requests that this Court reverse his conviction, allow contact with the jury for a person, and reverse remand for resentencing. Thank you. Thank you. I did ask for a few minutes of rebuttal, but I'm not sure how that's... She doesn't control that. Oh, I'm sorry. Yeah. Let's see. We took up the time, but if you don't... No, yeah. I understand if there's no time for that. We'll see what comes up in opposing counsel's argument. Thank you.  May it please the Court. Counsel. Mark Tremmel, Assistant U.S. Attorney at Cedar Rapids, Iowa. In regard to the third argument, the defense did argue sentencing entrapment, and so the government responded saying that the defendant didn't prove lack of predisposition, which is required for entrapment. At the sentencing hearing, then Judge Williams looked at that and said, actually, this is a sentencing manipulation. Counsel, that's all that matters on preservation, right? Under the rules, it says do you communicate what you're doing to the district court? Do they understand it? That is the acid test on evidence. That's the acid test on proof. That's the acid test on standard. So surely it's preserved if the court makes a ruling that it's not his words, counsel. It's not a sentencing entrapment argument. It's a sentencing manipulation argument. He proceeds to talk about it and give a great defense, by the way, for you with his paragraph about limited government resources. So surely it's preserved. Your Honor, I'm not arguing it's not preserved. Okay. Thank you. What I'm arguing is when the defense raises it as entrapment and it's briefed as entrapment, and then the judge comes in at the hearing and says, here's my manipulation analysis. If the defense disagrees with that, defense says, well, the argument didn't put on any evidence of manipulation. Well, that's because it was presented as entrapment. Once the district court comes in and says, this is a manipulation argument. Here are my reasons for why this is not sentencing manipulation. Now I think the defense, if it thinks some of those statements are objectionable, has the burden of objecting. That's why I think plain error review applies because they didn't object to the judge's statements. But I agree. It's preserved. It's just a plain error review. Oh, boy. But proceed with your argument. I think if they wanted to object, saying the court made an assumption that's wrong here and the court should not have stated this or there wasn't enough, you know, to support this, that they should have objected to the court's statement. But basically, we would rely on our brief for that. Judge, you had one other comment that you had tied in to ask if what Special Agent Nielsen testified to at trial could support this. And our view of that is we did not view Special Agent Nielsen's testimony in response on cross-examination as expert testimony. The defense was trying to get her to agree to something that it said was a yes or no answer. Yes or no, is this maturity? And basically, because his whole defense in this turned out... The defense did not say yes or no in their question, though, did they? Did they say yes or no in the question? In the reply brief, it says yes or no. In the question the defense said, and would you agree... Okay. Counsel, let me interrupt you. There's no yes or no before this, correct? The counsel doesn't say yes or no. You know how cross can be done. So counsel doesn't say yes or no. So when I said yes or no, I was referring to the reply brief where the defense says, was it a mature statement or not? That calls for a yes or no answer. What counsel said was, and you would agree to the response, this isn't really about what I like, that's a fairly mature response, isn't it? Trying to get a, it's a mature response or it's not. And the answer is, I think it's a response indicative of knowledge of sex workers or human trafficking. What the agent is saying is, it could be an adult prostitute or it could be a minor prostitute. It's a response that could be given by an adult or a minor, so I'm not going to tie myself down and say, by looking at this, you can tell it's mature. So then defense counsel follows up and he says, which suggests maturity, doesn't it? Trying to narrow it down. And then Special Agent Nielsen says, or the experience of being a trafficked child. So it could be an adult or it could be a minor. And there's no objection then and no motion to strike, correct? That's correct. She's just answering the question. So I wouldn't. But the interrogator doesn't object and the interrogator doesn't move to strike. That's correct. Proceed. And so in terms of, you brought that up, Your Honor, in terms of how that affects the sentencing issue, I don't think it has a huge impact on the sentencing issue. I would be happy to answer any questions. Say that again? What about the sentencing issue? You don't have anything to argue? Judge Benton had asked how Special Agent Nielsen's testimony uncrossed or that was my understanding, could affect the sentencing issue. That record in the trial, and I don't, in my view that doesn't have a That's what you were saying, you were going to talk about Issue 3. Yeah. And we would rely on our brief on that and we think the standard is plain air review on that. Thank you. We would ask that the Court affirm. Well, I don't. I think the Issue 3 issue is not clearly settled at all. All right. What would you... What we were discussing with opposing counsel. On the standard of review or on... On whether we extend the drug cases to other things like murder and sex offenses. And if so, with what standards? When does discretion turn into misconduct? And how relevant is it that the undercover agent provided a lot of the investigative results? I guess under a plain air analysis in the absence of Supreme Court or Circuit precedent, extending that, I think it would be difficult for Judge Williams to have erred there. But in terms of the general question of extending sentencing manipulation arguments, I think there would have to be more of a record on that. I don't see how deciding to... I mean, if an agent came in and said, I'm going to pose as a 15-year-old or a 16-year-old because I'm afraid of a sentencing manipulation argument, then obviously that makes it more difficult to... And it also makes it a tougher trial issue because now the defendant is expressing interest in someone who's, you know, 16 as opposed to 13. Basically, since the legal issue is the failure to vary downward, and your argument is there was no basis to do that sui sponda given the absence of clear law on this subject. If that's the argument and you want to stop there, I sympathize with that because there may be other cases where it's better more aggressively preserved, let's put it that way. Your Honor, I do think that's the argument. I just clarify. I think that the defense might be arguing that the court was making wrong factual assumptions in reaching its conclusion. To the extent that it's saying that, that we're arguing is plain error review. I would agree that should the court have varied downward because this... You know, too. That's more legal than factual. I think that's right. I think if it's purely on the issue of did the court err and not varying, that's abuse of discretion, but on did the court err in not considering a fact or misstating a fact, that would be plain error. I think if the court certainly a sentencing court has discretion to say the defense failed to prove entrapment, but they proved sufficient quote manipulation or whatever, that I think a variance is appropriate. And then review of whether the variance was done, whether that was an appropriate sentence would be abuse of discretion. But the review of whether the court made some error in determining a fact that it based the variance on, that we're arguing would be plain error and that the record was not developed in this case for that. But if there's discretion to do it sui spani, then there's an argument that failure to do it is appealable. But it's a huge rock to push up a steep hill. I would agree with that, Your Honor. If there are no further questions, we would ask that the court affirm. Thank you. I'll give you a minute. There was some argument on the other issues that you didn't get to. Thank you. Thank you. Specifically regarding counsel's argument about the third issue, the sentencing issue, that it was preserved but should be reviewed under plain error, we'd just like to reaffirm that if it was preserved, then the correct standard should not be plain error. The correct standard should be clear error for the facts and de novo for the law. On to the first issue that the government discussed. I would just like to say that the statement that Agent Nielsen was giving was not responsive to counsel's question because he was asking her, it's mature, isn't it? And she says, well, it's indicative of a child who was involved in sex trafficking. So counsel's statement that she was just not trying to pin herself down to whether it was a child or an adult, well, she does pin herself down. She does say, well, this is a child who's involved in sex trafficking. Thank you. Thank you very much. Counsel, the case has been, argument has been helpful and it's well briefed on kind of not unusual situations, so we will take it under advisement and do our best.